IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LARRY J. MILLENDER,
    Plaintiff,

vs.                                      Case No.:  3:11cv387/MCR/EMT

RAY E. MABUS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This matter is before the court on Defendant's motion to dismiss, which the court converted to a motion for summary judgment (*see* docs. 26, 30).  Plaintiff's brother, Marlon Millender, filed a response in opposition to the motion (doc. 28).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration, the undersigned concludes that this case should be dismissed.

I.    BACKGROUND

    Plaintiff Larry Millender, a non-prisoner proceeding pro se, commenced this action on August 22, 2011, by filing a complaint under 42 U.S.C. § 2000e *et seq.* (doc. 1).  Plaintiff was granted leave to proceed in forma pauperis (doc. 4).  Plaintiff failed to file his complaint on the court-approved form as required by Rule 5.1(J) of the Local Rules of this court; therefore, the court directed him to file an amended complaint on the court form (doc. 4).  Plaintiff filed an amended complaint, and although he used the appropriate form, he failed to properly complete it; therefore, the court again directed him to amend his complaint (doc. 7).  Plaintiff responded to the order by filing a second amended complaint, which <u>still</u> did not comply with the instructions on the complaint form; therefore, the court again directed him to fully complete the form (doc. 11).  Plaintiff failed to respond to the order;

therefore, the court issued an order directing him to show cause why this action should not be dismissed for his failure to comply with an order of the court (doc. 13). The next filing received by the court was a letter dated November 27, 2011, from Plaintiff's brother, Marlon Millender, stating that Plaintiff was deceased, and that he (Marlon Millender) wished to pursue his brother's case on his behalf (*see* doc. 16). The clerk of court referred the letter to the undersigned, noting that the document did not comply with the filing requirements of the Local Rules of this court (*see* docket entry 14). On December 5, 2011, court directed the clerk to docket the letter as a Statement Noting Death of Plaintiff (doc. 15).

No activity occurred in the case for over ninety (90) days; notably, a motion for substitution by Plaintiff's successor or representative was not filed, as required by Rule 25 of the Federal Rules of Civil Procedure. Therefore, on March 9, 2012, the court issued an order directing Plaintiff's successor or representative to notify the court of his or her continued interest in pursuing the litigation by filing a motion for substitution in compliance with Rule 25 (doc. 17). The court directed the clerk to mail a copy of the order to Marlon Millender (*id.*). Marlon Millender filed a motion for substitution (doc. 18), which remains pending. To effect service of the complaint upon Defendant, thereby enabling Defendant to respond to the motion for substitution, the undersigned directed Marlon Millender to file a third amended complaint and provide service copies (docs. 19, 22). Mr. Millender complied with the order, and the court directed service of the third amended complaint (doc. 20) upon Defendant (doc. 24).

Defendant filed the instant motion seeking dismissal of this action because Plaintiff is deceased and without proper representation (doc. 26). Defendant contends Marlon Millender has not shown he is Plaintiff's personal representative or administrator of his estate (*id.*). Further, even if he was the personal representative, he may not proceed pro se (*id.*). Defendant contends Rule 5.030(a) of the Florida Probate Rules provides that every personal representative, unless the personal representative is the sole interested person, must be represented by an attorney admitted to practice in Florida (*id.* at 3). Further, 28 U.S.C. § 1654 generally allows pro se appearances in federal court by those seeking to represent only themselves and not the interests of any other person or entity (*id.*). Defendant contends the Eleventh Circuit has interpreted § 1654, albeit in non-binding cases, as disqualifying a deceased's estate representative from proceeding pro se in federal court, and other federal circuit

courts have reached the same conclusion (*id.* at 3–5).  Defendant attached to his motion documents included in Plaintiff's personnel records showing (1) Plaintiff named his mother, Arcesina Millender, his sister Kimberly Millender, and his niece Kalesha Bogan as primary beneficiaries of his retirement account, and named another sister Gwen Nicholson and his brother Marlon Millender as secondary beneficiaries, (2) Plaintiff named his mother, his sister Kimberly Millender, and a friend named Rufina Myers as beneficiaries of his life insurance, and (3) Plaintiff named his mother as the beneficiary of any unpaid employment compensation (doc. 26, Exhibit 2).

In Marlon Millender's opposition to Defendant's motion, he affirms he is Plaintiff's brother and does not deny that Plaintiff has other living beneficiaries (doc. 28).  He opposes dismissal of this case on the ground that he has knowledge of the facts of the case and access to Plaintiff's documentary evidence and witness list (*id.*).  He additionally argues that he has been the only family member to actively pursue this case, and the other family members support his efforts (*id.*).  Mr. Millender states he is capable of pursuing this litigation "with proper legal representation" (*id.*).  He states, "I am not motioning [sic] for representation per I am not an attorney.  I only motion to continue what he began . . . ." (*id.*).  He states he is actively seeking representation by an attorney (*id.*).

II.     ANALYSIS

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  "The mere existence of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986) (emphasis in original).  A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  A fact is "material" if it may affect the outcome of the case under the applicable substantive law.  *See id.*

"When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings.  Instead, the nonmoving party must respond by affidavits or

otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial.  Fed. R. Civ. P. 56(e).  In assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party.  *See* Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993).  A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment.  *See* Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

Rule 25 of the Federal Rules of Civil Procedure provides if a party dies and the claim is not extinguished, the court may order substitution of the proper party.  Fed. R. Civ. P. 25(a)(1).  The rule further provides that a motion for substitution may be made by any party or by the decedent's successor or representative.  *Id.*  If the motion is not made within ninety (90) days after service of a statement noting the death of the party, the party's action must be dismissed.  *Id.*

Section 1654 of Title 28 of the United States Code, the general provision permitting parties to proceed pro se, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel and, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654.  This provision appears to provide a personal right that does not extend to the representation of the interests of others.  *See* Timson v. Sampson, 518 F.3d 870, 873 (11th Cir.  2008).

In the instant case, Marlon Millender admits Plaintiff has other surviving family members.  He has not alleged or shown he is the legal representative of Plaintiff's estate, or that he is the sole beneficiary of the estate; indeed, he has not alleged he has received or is entitled to receive any interest in Plaintiff's estate.  Marlon Millender has likewise not alleged he is the legal successor to Plaintiff's interest in this litigation.  The fact that he is related to Plaintiff by kinship does not, alone, entitle him to substitution.  *See* Roberson v. Wood, 500 F. Supp. 854 (S.D. Ill 1980) (persons, who were neither executors nor administrators of deceased plaintiffs and had no other legal relationship to deceased plaintiffs other than kinship, were not entitled to substitution).  Therefore, Marlon Millender's motion for substitution (doc. 18) should be denied.

Further, even if Marlon Millender was the legal representative of Plaintiff's estate, 28 U.S.C. § 1654 does not permit him to proceed pro se on behalf of the estate. *See* Devine v. Indian River Cnty. Sch. Bd., 121 F.3d 576, 582 (11th Cir. 1997) (parents who are not attorneys may not bring a pro se action on their child's behalf), *overruled on other grounds by* Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007); *see also* Reshard v. Britt, 839 F.2d 1499 (11th Cir. 1988) (en banc) (evenly split panel affirming district court's ruling disqualifying the deceased's estate representatives from proceeding pro se in a wrongful death suit); *see also* Estate of Kyle Thomas Brennan v. Church of Scientology Flag Serv. Org., Inc., No. 8:09-cv-00264-R-23-EAJ, 2010 WL 3833996, at *11 (M.D. Fla. 2010) (unpublished) ("Britton is the administrator of the Brennan Estate. The administrator is not a lawyer and, by force of 28 U.S.C. § 1654; the law of Virginia, *see, e.g.*, Kone v. Wilson, 272 Va. 59, 630 S.E.2d 744 (Va. 2006); and the law of Florida, *see* Rule 5.030(a), Florida Probate Rules, the lay administrator cannot represent the Brennan Estate in the district court without counsel."), *reversed and vacated on other grounds by* 645 F.3d 1267 (11th Cir. 2011); United States v. Falcone, No. 8:08-cv-1782-T-24-TBM, 2009 WL 199399, *1 (M.D. Fla. Jan 27, 2009) (unpublished) (executrix for estate could not proceed pro se on behalf of the estate).

Other circuit courts interpreting § 1654 have reached the same conclusion. *See, e.g.*, Malone v. Nielson, 474 F.3d 934, 937 (7th Cir. 2007) (although individuals have a right to proceed pro se, pursuant to 28 U.S.C. § 1654, administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate; consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court); Jones ex rel. Jones v. Corr. Med. Serv., Inc., 401 F.3d 950, 951–52 (8th Cir. 2005) (same); Shepherd v. Wellman, 313 F.3d 963, 970–71 (6th Cir. 2002) (same); Pridgen v. Andersen, 113 F.3d 391, 393 (2d Cir. 1997) (same); Williams v. United States, No. 12-1112, 2012 WL 1377854, at *2 (3d Cir. Apr. 20, 2012) (unpublished) (district court should not have allowed deceased plaintiff's daughter to represent deceased father pro se in federal court; daughter's power of attorney for father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court); Raffaelly v. Siskiyou Cnty. Bd. of Supervisors, 271 F. App'x 576 (9th Cir. 2008) (unpublished) (dismissing appeal filed pro se by daughter on behalf of deceased father's estate, because non-lawyer may not bring an action on

behalf of another party); Carpio v. Office of Pers. Mgmt., 62 F.3d 1430 (Fed. Cir. 1995) (unpublished) (personal representative of estate may not represent estate pro se under § 1654).

Moreover, the court notes that one year has passed since Plaintiff's death in October of 2011 (*see* doc. 16; doc. 26, Exhibit 1), giving Marlon Millender more than enough time to obtain the services of an attorney. Therefore, Defendant's motion for summary judgment should be granted. *See, e.g.*, Franklin v. Garden State Life Ins., 462 F. App'x 928 (11th Cir. 2012) (unpublished) (28 U.S.C. § 1654 authorized federal court parties to personally plead and conduct their own cases, but the right to appear pro se was limited to parties conducting their own cases and did not apply to persons representing the interests of others. Because administratrix, as a non-lawyer, was not permitted to proceed pro se on behalf of estate, she could prove no set of facts entitling her to relief).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Marlon Millender's motion for substitution (doc. 18) be **DENIED**.

2. That Defendant's motion for summary judgment (doc. 26) be **GRANTED**.

3. That this action be **DISMISSED without prejudice** and the clerk be directed to enter judgment accordingly.

At Pensacola, Florida, this 4th day of October 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts, **858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 3:11cv387/MCR/EMT